UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

ALEXANDER ELLIOTT-HIRD, an infant under the age of 14 years, by his Parents and Natural Guardians, **VEVETTE ELLIOTT** and **MICHAEL HIRD** and **VEVETTE ELLIOTT** and **MICHAEL HIRD**, Individually,

                                  Plaintiffs,

    -against-

**THE UNITED STATES OF AMERICA, IRINA KARBAN, D.O., GEORGE AGLIALORO, D.O., KIMBERLY MUDGE, M.D., "JANE" PRI, R.N.** (lst name fictitious as it is unknown at present), and **LUTHERAN MEDICAL CENTER**,

                                  Defendants.
-------------------------------------------------------------------------X

**INFANT'S COMPROMISE ORDER**

**Docket No.: 06CV869**

       Vevette Elliott and Michael Hird, the Parents and Natural Guardians of Alexander Elliott-Hird, the infant plaintiff herein, having petitioned the Court for an Order authorizing and empowering them to compromise the instant claim of the infant plaintiff against the defendant, The United States of America.

       *NOW,* upon reading and filing the Petition and Supplemental Petition of Vevette Elliott and Michael Hird, the Parents and Natural Guardians of Alexander Elliott-Hird, an infant under the age of 14 years, having been born on March 5, 2004, duly sworn to on the 15th day of December, 2006 and the 24th day of February, 2007, respectively; and upon the Attorney's Affirmation and Supplemental Attorney's Affirmation of Amy L. Insler, Esq. of the law firm of Bonina & Bonina, P.C., attorneys for the plaintiffs herein, dated the 18th day of December, 2006 and the 23rd of February, 2007, respectively; and upon the appearance before Honorable Magistrate Matsumoto of

Vevette Elliott and Michael Hird, the Parents and Natural Guardians of Alexander Elliott-Hird, as well as Alexander Elliott-Hird, himself, on the 23rd day of February, 2007; and further examination of the infant having been waived; an upon all the pleadings, papers and proceedings heretofore had herein, and upon it appearing to my satisfaction that the best interest of the infant plaintiff, Alexander Elliott-Hird, shall be served hereby;

*NOW*, upon motion of Bonina & Bonina, P.C., attorneys for the plaintiffs, it is hereby

**ORDERED,** that Vevette Elliott and Michael Hird, the Parents and Natural Guardians of Alexander Elliott-Hird, are hereby permitted to settle all causes of action which have been brought for the pain and suffering of the infant plaintiff against The United States of America, in accordance with the terms and conditions of this Compromise Order; and it is further

**ORDERED,** that the above-captioned matter is settled for the total sum of $750,000.00 which includes the total cost to the defendant The United States of America of the Structured Settlement as provided for hereinafter, which the Court has required the defendant to disclose; and it is further

**ORDERED**, that defendant The United States of America will issue the entire amount of the settlement, to wit the sum of $750,000.00 to Forge Consulting, LLC, as escrowees for Bonina & Bonina, P.C. and Vevette Elliot and Michael Hird, plaintiffs.; and it is further

**ORDERED**, that Forge Consulting, LLC, will issue a check to Bonina & Bonina, P.C., attorneys for the plaintiffs herein, in the sum of $8,713.74, as reimbursement for the cost and disbursements regarding the prosecution of this action; and it is further

**ORDERED,** that Forge Consulting, LLC, will issue a check to Bonina & Bonina, P.C.. attorneys for the plaintiffs herein, the sum of $185,321.57, as payment for their attorney's fees; and it is further

***ORDERED***, that Forge Consulting, LLC, will issue a check in the amount of $ 40,482.35, to Vevette Elliott and Michael Hird, as parents and natural guardians of Alexander Elliott-Hird, jointly with an officer of Washington Mutual, located at 13745 SW 152nd Street, Miami, Fl 33177 to be deposited at said bank in an insured account paying the highest rate of interest in the name of the parents and natural guardians in trust for the infant, until March 5, 2022, Alexander Elliott-Hird's 18th birthday, at which time all sums of money on deposit shall be given to Alexander Elliott-Hird, or unless otherwise directed by further Order of this of this Court; and it is further

***ORDERED***, that Forge Consulting, LLC, will issue a check, in the amount of $40,482.34, to Vevette Elliott and Michael Hird, as parents and natural guardians of Alexander Elliott-Hird, jointly with an officer of the Bank of America, located at 13701 SW 152nd Street, Miami, Fl 33177 to be deposited at said bank in an insured account paying the highest rate of interest in the name of the parents and natural guardians in trust for the infant, until March 5, 2022, Alexander Elliott-Hird's 18th birthday, at which time all sums of money on deposit shall be given to Alexander Elliott-Hird, or unless otherwise directed by further Order of this of this Court; and it is further

***ORDERED***, that no withdrawal shall be made from said accounts except upon the further Order of this Court, or as otherwise provided for herein; and it is further

***ORDERED***, that said depositories are authorized to maintain all of the said funds in the form of insured deposits in a depository yielding the highest dividend return to the infant. Time deposit accounts shall be continuously renewed upon maturity at the highest rate of interest available, except upon further Order of this Court; and it is further

***ORDERED***, that upon presentation to the above referenced banks of a copy of said infant's estimated income tax payment indicating the amount of income tax that is due to each of the taxing authorities, and upon presentation of a bill from the accountant for the presentation of said tax

returns, in the amount not to exceed $200.00 annually, the said banks without further Order of this Court or any other Court are hereby authorized to issue checks drawn on their accounts being held for the use and benefit of Alexander Elliott-Hird, to said taxing authorities, indicating thereon, that said payment is being made on behalf of the infant, Alexander Elliott-Hird, and also to the accountant who prepares such returns; and it is further

**ORDERED,** that out of the $750,000.00 settlement proceeds, $475,000.00 be used to purchase an annuity for benefit of the infant plaintiff with said annuity providing the following periodic payments to the infant plaintiff under the terms hereafter set forth:

- Guaranteed payments continuing for 5 years only, providing $75,000.00 per year, level income, first payment commencing on 6/5/2022.

- Guaranteed payments continuing for 5 years only, providing $1,200.02 per month, level income, first payment commencing on 6/5/2022.

- Payments of $3,837.90 per month for life, guaranteed for 30 years with the first payment being made on 6/5/2027.

That the above mentioned payments, shall be paid whether or not the infant is alive. In the event that the infant dies at any time prior to the receipt of all payments described as guaranteed, the balance of any guaranteed payments shall be paid to his estate or to any such person he may so designate in writing to the Assignee, upon attaining the age of majority; and it is further

**ORDERED,** that the obligation of the defendant and/or its insurer may be met by assigning to and arranging for an assumption by Prudential Assigned Settlement Services Corporation (Assignee) of the defendant and/or the insurer's obligation to make the future periodic payments set

forth herein, pursuant to Internal Revenue Code §130(c) and that Prudential Assigned Settlement Services Corporation may fund the obligation assumed by the purchase of an annuity from The Prudential Insurance Company of America , an A+ rated company by AM Best, licensed to do business in the State of New York.  It is understood that The Prudential Insurance Company of America shall guarantee the performance of the Prudential Assigned Settlement Services Corporation; and it is further

**ORDERED,** that the Prudential Assigned Settlement Services Corporation may fund its obligation to make the periodic payments by purchasing an annuity policy from The Prudential Insurance Company of America shall be owned by Prudential Assigned Settlement Services Corporation  pursuant to Internal Revenue Code §130(d); and it is further

**ORDERED,** that no part of the sum being paid by the defendant The United States of America  to provide future periodic payments as set forth in this Order may be paid directly to plaintiffs, this Court having determined that the structured settlement is in the best interest of the infant plaintiff and that said periodic payments constitute damages on account of personal physical injury or physical sickness in a case involving physical injury or physical sickness within the meaning of §104(a)(2)(130) of the Internal Revenue Code of 1986, as amended; and it is further

**ORDERED,** that upon making and receipt of all of the payments above directly in compliance with this Order, as well as the assignment to Prudential Assigned Settlement Services Corporation, as set forth above, the defendant The United States of America shall then be discharged from any and all responsibility as to the causes of action set forth in this action; and it is further

**ORDERED,** that the rights, responsibilities and obligations of the defendant are totally extinguished and satisfied upon payment of the sums necessary for the purchase of an annuity together with an immediate payment for attorney's fees and disbursements, and up-front monies to

-6-

the infant as herein ordered; and it is further

**ORDERED**, that the defendant is not a guarantor or insurer with respect to the aforementioned annuity, and that the responsibilities of the defendant are satisfied upon issuance of the settlement monies, and it is further

**ORDERED,** that Vevette Elliott and Michael Hird, as Parents and Natural Guardians of Alexander Elliott-Hird be, and hereby are directed, authorized and empowered to execute such releases and other ancillary documents reasonably required by defendant The United States of America to effectuate the settlement; and it is further

**ORDERED,** that the cause of action for Vevette Elliott and Michael Hird for loss of services is hereby discontinued with prejudice and without payment; and it is further

**ORDERED,** that the causes of action against Kimberly Mudge and Lutheran Medical Center are discontinued with prejudice and without payment; and it is further

**ORDERED**, that the filing of a bond pursuant to CPLR §1212 is dispense with.

So ordered.
ENTER

/signed/
Honorable Nicholas G. Garaufis
United States District Judge

3/12/07